# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of JOSHUA CLOWER, <br><br> Plaintiff, <br><br> v. <br><br> THE WHISTLER GROUP, INC., <br><br> Defendant. | Case No. 1:19-cv-2868 <br><br> Judge <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of JOSHUA CLOWER, by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for its Complaint at Law against Defendant, THE WHISTLER GROUP, INC., states as follows:

### Parties

1. Plaintiff, National General Holdings Corp., f/k/a Standard Mutual Insurance Company ("Standard Mutual"), was a property and casualty insurance company headquartered in Springfield, Illinois. In October 2016, Standard Mutual was acquired by National General Holdings Corp., a specialty personal lines insurance holding company headquartered in New York City, New York.

2. Plaintiff's subrogor, Joshua Clower ("Clower"), is an Illinois domiciliary who resided at the premises located 24046 S. Cardinal Drive in Channahon, Illinois (the "Property").

3. Defendant, The Whistler Group, Inc. ("Whistler Group"), is an Arkansas corporation with its principal place of business located in Bentonville, Arkansas.

4. At all times relevant, Whistler Group was in the business of manufacturing power inverters, radar detectors, and power supply products.

5. At all relevant times, Whistler Group was an electronics company engaged in the business of designing, manufacturing, developing, supplying and/or distributing various radar detectors, power invertors, and power supply products into the stream of commerce throughout the United States and the State of Illinois.

**Jurisdiction and Venue**

6. This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between each Plaintiff and each Defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts and/or omissions giving rise to the Plaintiff's claims occurred in this judicial district and Defendant conducts business within this judicial district.

**Allegations Common to All Counts**

8. Standard Mutual insured Clower and the Property under a policy of insurance, policy number HP 178903102 (the "Policy"), which was in full force and effect on May 10, 2016.

9. The Policy provided property and property-related coverage against casualty and damage on losses to Clower's real and personal property located at 24046 S. Cardinal Drive in Channahon, Illinois.

10. Pursuant to the terms and conditions of its policy of insurance, Standard Mutual reimbursed its insured, Clower, in an amount in excess of $75,000.00 for the loss caused by the fire described herein.

11. Standard Mutual asserts its claim as subrogee of its named insured, Clower, and is the bona fide owner of the claims and causes of action set forth below, having obtained the same by reason of payments to or on behalf of Clower under the Policy, and is therefore entitled to maintain this action against the Defendant for recovery of such payments.

12. In 2010, Clower purchased a certain "Jump&Go Portable Jumpstart & Power Supply 12V" from Whistler Group (the "Portable Jumpstart").

13. At all relevant times, Whistler Group designed, manufactured, supplied, distributed, and sold into the stream of commerce the Portable Jumpstart that was purchased and used at the Property by Clower.

14. At all relevant times, the Portable Jumpstart was expected to, and did, reach Clower without substantial alteration in the condition in which it was sold.

15. At all relevant times, the Portable Jumpstart was used for its intended purpose in a manner reasonably foreseeable to Whistler Group.

16. On May 10, 2016, a fire occurred at the Property (the" Fire"), causing significant smoke and fire-related damage to the Property and contents therein.

17. The Fire originated from within the Portable Jumpstart.

18. Specifically, the fire originated at the lithium battery within the Portable Jumpstart.

19. On April 28, 2015, the U.S. Consumer Product Safety Commission (CPSC) issued a recall on this particular model of Portable Jumpstart, which was manufactured by Whistler Group due to posing a fire hazard to consumers.

20. Specifically, the CPSC stated that the lithium battery within the Portable Jumpstart could overheat, melt, and cause fires (CPSC release #15-123).

21. Subsequent to the CPSC recall, Whistler Group issued a voluntary recall of the Portable Jumpstart.

22. As a result of the Fire and pursuant to the Policy, Standard Mutual paid Clower in excess of $75,000 for the significant damage caused to the Property and contents therein.

**COUNT I**
**Strict Liability - Design Defect**

23. Standard Mutual re-alleges and incorporates paragraphs 1 through 22 for this Count as if they were set forth and fully pled herein.

24. At all relevant times, Whistler Group was engaged in the business of distributing and/or otherwise placing into the stream of commerce electrical appliances, including the subject Portable Jumpstart involved in the subject fire.

25. At the time the Portable Jumpstart left the control of Whistler Group, a defect existed within the Portable Jumpstart that rendered it unreasonably dangerous so as to cause a fire and cause the subject loss.

26. The Portable Jumpstart was subject to a recall by the United States Consumer Products Safety Commission due to its propensity for overheating and causing a fire.

27. Clower was using the subject Jump&Go Portable Jumpstart for its intended purpose.

28. The Portable Jumpstart failed to perform in the manner reasonably to be expected in light of its nature and intended function.

29. The unreasonably defective condition of the Portable Jumpstart caused the subject loss and damages from which this action arises.

30. The unreasonably defective condition of the Portable Jumpstart was neither plainly apparent nor discoverable by Clower or other consumers through a reasonable inspection.

4

31. For these reasons, Whistler Group is strictly liable to Standard Mutual under Section 402(A) of the Restatement (2d) of Torts and the applicable common law.

32. At the time of the design of the Portable Jumpstart by Whistler Group, the Portable Jumpstart was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways:

   a. the Portable Jumpstart overheated under reasonably anticipated use conditions;

   b. the Portable Jumpstart caught fire under reasonably anticipated use conditions;

   c. the Portable Jumpstart incorporated a lithium battery susceptible to failure under reasonably anticipated use conditions;

   d. the Portable Jumpstart incorporated a lithium battery susceptible to overheating resulting in the product's overheating and/or violent combustion under reasonably anticipated use conditions; and/or

   e. the Portable Jumpstart failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

33. The defective and unreasonably dangerous condition(s) of the Portable Jumpstart existed due the defective manner in which Whistler Group designed the Portable Jumpstart.

34. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Portable Jumpstart ignited, resulting in a fire, which caused extensive damage to the Clower's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in excess of $75,000.00.

WHEREFORE, Plaintiff, NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of Joshua Clower, requests that this Court enter judgment against Defendant, THE WHISTLER GROUP, INC., in an

amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT II
## Strict Liability – Manufacturing Defect

35. Standard Mutual re-alleges and incorporates paragraphs 1 through 22 for this Count as if they were set forth and fully pled herein.

36. At the time of the manufacture of the Portable Jumpstart by Whistler Group, the Portable Jumpstart was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways:

   a. the Portable Jumpstart overheated under reasonably anticipated use conditions;

   b. the Portable Jumpstart caught fire under reasonably anticipated use conditions;

   c. the Portable Jumpstart incorporated a compressor susceptible to failure under reasonably anticipated use condition;

   d. the Portable Jumpstart incorporated component parts susceptible to short-circuiting resulting in the product's overheating and/or violent combustion under reasonably anticipated use conditions; and/or

   e. the Portable Jumpstart failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

37. The defective and unreasonably dangerous condition(s) of the Portable Jumpstart existed due to Whistler Group's defective manufacture of the Portable Jumpstart.

38. The aforementioned defective and unreasonably dangerous condition(s) of the subject Portable Jumpstart existed at the time it left the control of Whistler Group.

39. At all times, the Portable Jumpstart was used in a reasonable manner, and such use was reasonably foreseeable by Whistler Group.

6

40. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the Portable Jumpstart, a fire occurred, damaging the Property and personal property contained therein, all to the ultimate cost, loss and detriment of Standard Mutual.

41. As a further direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Portable Jumpstart ignited, resulting in a fire, which caused extensive damage to the Clower's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in excess of $75,000.00.

WHEREFORE, Plaintiff, NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of Joshua Clower, requests that this Court enter judgment against Defendant, THE WHISTLER GROUP, INC., in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT III
## Strict Liability: Failure to Warn

42. Standard Mutual re-alleges and incorporates paragraphs 1 through 22 for this Count as if they were set forth and fully pled herein.

43. At the time of Whistler Group's design, manufacture, and/or distribution of the Portable Jumpstart, the Portable Jumpstart was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

44. At all relevant times, the Portable Jumpstart, was used without adequate knowledge or warning of its characteristics from Whistler Group.

45. Whistler Group failed to give adequate warning of the dangers of the subject Portable Jumpstart, including the following:

7

    a. the danger of the Portable Jumpstart's lithium battery overheating under reasonably anticipated use conditions;

    b. the danger of the Portable Jumpstart melting and catching fire under reasonably anticipated use conditions;

    c. the danger of the Portable Jumpstart's incorporation of a battery susceptible to failure under reasonably anticipated use conditions;

    d. the danger of the Portable Jumpstart's integration of a battery susceptible to overheat and violent combustion under reasonably anticipated use conditions;

    e. the danger of the Portable Jumpstart's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

46. As a direct or proximate result of Whistler Group's failure to design, manufacture, sell, distribute, and/or market the Portable Jumpstart with adequate warnings, users of the Portable Jumpstart lacked knowledge of its dangerous characteristics.

47. At all times, the Portable Jumpstart was used in a reasonable manner, and such use of the dehumidifier was reasonably foreseeable by Whistler Group.

48. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Portable Jumpstart ignited, resulting in a fire, which caused extensive damage to Clower's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in excess of $75,000.00.

WHEREFORE, Plaintiff, NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of Joshua Clower, requests that this Court enter judgment against Defendant, THE WHISTLER GROUP, INC., in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT IV
### Strict Liability: Non-Specific Product Defect

49. Standard Mutual re-alleges and incorporates paragraphs 1 through 22 for this Count as if they were set forth and fully pled herein.

50. The Portable Jumpstart was not put to any abnormal use during its service life.

51. There was no secondary cause of the Fire.

52. The Portable Jumpstart failed to perform in a manner reasonably expected in light of its nature and intended function.

53. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Portable Jumpstart ignited, resulting in a fire, which caused extensive damage to Clower's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in excess of $75,000.00.

WHEREFORE, Plaintiff, NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of Joshua Clower, requests that this Court enter judgment against Defendant, THE WHISTLER GROUP, INC., in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT V
### Negligence

54. Standard Mutual re-alleges and incorporates paragraphs 1 through 22 for this Count as if they were set forth and fully pled herein.

55. At all relevant times, Whistler Group had a duty to design, manufacture, assemble, distribute, sell, and market its products such that they would be free from defects and

reasonably safe for their intended and reasonably foreseeable uses.

56. At all relevant times, Whistler Group had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

57. At all relevant times, Whistler Group had a duty to warn others of potentially dangerous conditions existing in its products, including the subject Portable Jumpstart.

58. Whistler Group breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Portable Jumpstart.

59. Further, Whistler Group breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

    a. failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe under normal use conditions;

    b. failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe for its reasonably intended purpose(s);

    c. failed to design, manufacture, assemble, distribute, sell, or market a product in which the components would not fail in the course of foreseeable use;

    d. failed to design, manufacture, assemble, distribute, sell, or market a product that would not cause a fire in the course of foreseeable use;

    e. failed to design, manufacture, assemble, distribute, sell, or market a product that would adequately discharge and/or resist heat produced by its own operation;

    f. failed to design, manufacture, assemble, distribute, sell, or market a product containing a switch that would deactivate the Portable Jumpstart in the event of overheat;

    g. failed to integrate adequate thermal protective measures into the Portable Jumpstart;

    h. failed to provide adequate warnings about the Portable Jumpstart dangerous properties or conditions;

    i. failed to provide an adequate lithium battery in the Portable Jumpstart that would not overheat;

    j. failed to adequately test, investigate, inspect or analyze the subject Portable Jumpstart to understand its properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that it was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed; and/or,

    k. failed to adequately test, investigate, inspect or analyze the subject Portable Jumpstart component parts, to understand the components' properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that the Portable Jumpstart was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed.

60. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the Portable Jumpstart ignited, resulting in a fire, which caused extensive damage to Clower's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in excess of $75,000.00.

WHEREFORE, Plaintiff, NATIONAL GENERAL HOLDINGS CORP., f/k/a STANDARD MUTUAL INSURANCE COMPANY, as subrogee of Joshua Clower, requests that this Court enter judgment against Defendant, THE WHISTLER GROUP, INC., in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

    .                        Respectfully submitted,

                         LEAHY, EISENBERG & FRAENKEL, LTD.

                         By: s/ Robert Ostojic_____
                             Counsel for Plaintiff

Robert Ostojic
Nick V. Marinkovich
LEAHY, EISENBERG & FRAENKEL, LTD.
33 W. Monroe Street, Suite 1100
Chicago, IL 60603
Phone: 312-368-4554
Fax: 312-368-4562